UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEVIN CHARELS SCHNEIDER,

                Plaintiff,

      v.                                    **DECISION AND ORDER**
                                                      19-CV-290S
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

      1.      Plaintiff Kevin Charels Schneider brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security that denied his application for disability insurance benefits under Title II of the Act. (Docket No. 1.) This Court has jurisdiction over this action under 42 U.S.C. § 405(g).

      2.      Plaintiff protectively filed his application for benefits under Title II of the Act with the Social Security Administration on May 7, 2015. (R.[1] at 133.) Plaintiff alleged disability beginning on October 1, 2014, due to multiple sclerosis. (R. at 66.) Plaintiff's application was denied. Plaintiff thereafter requested a hearing before an administrative law judge ("ALJ"). ALJ Lynette Gohr held a hearing on November 6, 2017, at which Plaintiff, represented by his attorney, appeared and testified. (R. at 36-64.) Vocational Expert Millie Droste also appeared and testified by telephone. At the time of the hearing, Plaintiff was 48 years old, with a twelfth-grade education and prior work experience as a laborer. (R. at 66, 41, 73.)

---

[1] Citations to the underlying administrative record are designated as "R."

3. The ALJ considered the case de novo and, on January 16, 2018, issued a written decision denying Plaintiff's application for benefits. (R. at 22-32.) On January 7, 2019, the Appeals Council denied Plaintiff's request to review the ALJ's decision. (R. at 7.) Plaintiff then filed the current action on March 5, 2019, challenging the Commissioner's final decision.[2]

4. Both parties moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Docket Nos. 13, 16.) Plaintiff filed a response on March 10, 2020, (Docket No. 17), at which time this Court took the motions under advisement without oral argument. For the reasons that follow, Plaintiff's motion is denied, and Defendant's motion is granted.

5. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

---

[2] The ALJ's January 16, 2018, decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

6. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams ex rel. Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

7. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

8. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant

> has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 416.920; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

9. Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 416.920(a)(4); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

10. The ALJ analyzed Plaintiff's claim for benefits under the process set forth above. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity from his alleged onset date of October 1, 2014, to his date last insured of December 31, 2016. (R. at 24.) At step two, the ALJ found that Plaintiff has the severe impairment of multiple sclerosis. (R. at 25.) At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals

4

any impairment(s) listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). (R. at 27.)

11.     Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, except that

> he could only occasionally climb ramps or stairs but never climb ladders, ropes, or scaffolds; he could occasionally stoop but could never balance, kneel, crouch, or crawl; he required use of a cane for ambulation; he could perform no driving as part of job duties; he could never operate foot controls bilaterally; he could frequently finger with the dominant left upper extremity; and he must avoid concentrated exposure to extreme heat and humidity.

(Id.)

12.     At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. (R. at 30.) At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform between his alleged onset date and his date last insured. (R. at 31.) Accordingly, the ALJ found that Plaintiff was not disabled at any time between his alleged disability onset date of October 1, 2014, and his date last insured of December 31, 2016. (R. at 32.)

13.     Plaintiff argues that the ALJ's final determination is not supported by substantial evidence because the ALJ improperly relied on the "stale" opinion of consultative examiner Dr. Hongbiao Liu, and because the Appeals Council erroneously refused to consider two March 2018 letters from Nurse Practitioner Tracy Nichter. For the following reasons, Plaintiff's arguments are unavailing.

14.     "A stale medical opinion does not constitute substantial evidence to support an ALJ's findings." Clute ex rel. McGuire v. Commissioner of Social Security, 2018 WL 6715361, *5 (W.D.N.Y. 2018). "The mere passage of time does not render an opinion stale. Instead, a medical opinion may be stale if subsequent treatment notes indicate a

claimant's condition has deteriorated." Whitehurst v. Berryhill, 2018 WL 3868721, *4 (W.D.N.Y. 2018); Cruz v. Commissioner of Social Security, 2018 WL 3628253, *6 (W.D.N.Y. 2018) ("consultative examination is not stale simply because time has passed, in the absence of evidence of a meaningful chan[ge] in the claimant's condition"); see also Pritchett v. Berryhill, 2018 WL 3045096, *8 (W.D.N.Y. 2018) ("[i]f a claimant's status regarding her impairments undergoes 'significant deterioration' after a consultative examination, the examination may not constitute substantial evidence" (emphasis added)); Andrews v. Berryhill, 2018 WL 2088064, *3 (W.D.N.Y. 2018) (same).

15.  Significant deterioration or change in a claimant's impairments is thus a necessary factor in finding staleness. See, e.g., Hartel v. Commissioner of Social Security, 18-CV-841P, 2019 WL 4233120, *4 (W.D.N.Y. 2019) (finding opinion stale, where "no question exists that at the time [that opinion was rendered, the plaintiff] had not been diagnosed with degenerative disc disease, an impairment the ALJ subsequently found to be severe at the time of his decision"); Morales v. Commissioner of Social Security, 17-CV-341-FPG, 2019 WL 1109572, *6 (W.D.N.Y. 2019) (an opinion "which contained no lifting restrictions and did not consider the impact of Plaintiff's chronic hernia condition, was indisputably rendered stale by Plaintiff's two subsequent hernia repair surgeries"); Biro v. Commissioner of Social Security, 335 F. Supp. 3d 464, 471 (W.D.N.Y. 2018) ("Dr. Toor's opinion, which was rendered nearly five years before the ALJ's decision and before Plaintiff's September 2013 knee injury and two subsequent surgeries, was stale and not based on the complete medical record"); Caswell v. Berryhill, 17-CV-6133-FPG, 2018 WL 4404578, *4 (W.D.N.Y. 2018) (medical opinion stale where plaintiff experienced multiple exacerbating events after the exam, including two other car

6

accidents, surgeries, trauma stemming from arrest, and a fall); Girolamo v. Colvin, 13-CV-06309(MAT), 2014 WL 2207993, *7 (W.D.N.Y. 2014) (holding that opinion that was rendered a year before the plaintiff's "second surgery ... and the related diagnostic testing associated therewith" was stale).

16.     Here, Plaintiff was diagnosed with MS on November 13, 2014, after experiencing worsening leg pain and balance issues. (R. at 244). An MRI from May 15, 2015 showed hyperintense lesions likely consistent with demyelinating disease. (R. at 287?). The record shows several flare ups: one in 2014, two (with a third episode of worsening symptoms) in 2015, two in 2016, and one in 2017, after his date last insured. (R. at 241, 233, 291-92, 290, 288, 269, 263.) His flare-ups were normally controlled with courses of IV medication. (Id.)  He experienced "ongoing balance problems." (R. 236.) At the same time, he testified that he could do gardening and some household chores during the relevant period. (R. at 46-49.) On July 29, 2015, consultative examiner Dr. Hongbiao Liu noted that Plaintiff's gait was unsteady with and without a cane, and opined that a cane was medically necessary. (R. at 257.) Dr. Liu opined that Plaintiff had a "moderate limitation for prolonged walking, bending, and kneeling." (R. at 258.)

17.     Plaintiff argues that Dr. Liu's opinion was rendered stale by his subsequent deterioration, and that the ALJ's reliance on it was therefore erroneous. Defendant argues that the record does not show a worsening of Plaintiff's condition. After reviewing the record, this Court does not find evidence of significant deterioration that would render Dr. Liu's opinion stale. On August 3, 2015, shortly after Dr. Liu's opinion was rendered, Nurse Practitioner Olia Golimowski noted that Plaintiff walked without a cane (R. at 278). The note from his flare-up treatment in 2016 states that his gait was normal and that he walked

without a cane or wheelchair. (R. at 288.) A brain MRI from December 1, 2016, stated that there had been "no appreciable change" since Plaintiff's May 2015 MRI, "suggesting stable disease course." (R. at 283.) Likewise, a brain MRI from July 2017, after Plaintiff's insured period, also noted that, compared to the December 2016 MRI, there was "no appreciable change, consistent with stable disease." (R. at 281.)

18. To support his argument regarding his deterioration, Plaintiff points to an MRI showing a subacute infarct, from June 2, 2016. (Docket No. 13-1 at p. 15; R. at 269.) But Plaintiff has not submitted evidence that this impacted Plaintiff's functioning in any way, nor that doctors addressed it, beyond recommending aspirin and follow-up regarding blood pressure and hyperlipidemia. (R. at 267-68; see also R. at 298-300.)

19. Plaintiff's also argues that because Dr. Liu's opinion was stale, the ALJ impermissibly relied on her own lay judgment to formulate an RFC.  Because Dr. Liu's opinion was not stale, as discussed above, the ALJ did not err in relying on it.

20. Plaintiff further argues that the ALJ did not conduct a function-by-function assessment of the medical evidence. Defendant argues that the ALJ's RFC determination adequately took into account the limitations supported by the record. "Where an ALJ's analysis … regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence such that additional analysis would be unnecessary or superfluous, … remand is not necessary merely because an explicit function-by-function analysis was not performed." Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013). Here, the ALJ's RFC determination of sedentary work, with the requirement of a cane to ambulate, is supported by substantial evidence. As discussed above, medical records

indicate a "stable" disease progression. Plaintiff argues that the fact that he experienced three flare-ups in 2015 means he would miss work three times a year, for at least three days each time, which the Vocational Expert testified would render him unemployable. (Docket No. 13-1 at p. 15, citing R. at 63.) But Plaintiff experienced two flare-ups in 2016, and the record does not unequivocally show that he experienced three flare-ups in 2015. (R. at 269.) Notes from April 27, 2015, cited by Plaintiff as evidence of a work-preclusive flare-up, describe an earlier episode of weakness without labeling it a flare. Plaintiff addressed this episode with rest, not with extensive IV therapy. (R. at 233-35.) Thus, the evidence of Plaintiff's flare-ups does not mean that the ALJ erred in finding Plaintiff able to perform sedentary work, with limitations.

21. Plaintiff next argues that the Appeals Council erred in failing to consider the March 2018 letters of FNP Tracy Nichter. Defendant argues that the new evidence does not change the conclusion that the ALJ's decision was based on substantial evidence.

22. The Appeals Council will review a case if it receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision, subject to certain good cause requirements. 20 C.F.R. 404.970(a)(5). To obtain a remand based on evidence presented to the Appeals Council, a Plaintiff must show that the evidence "add[s] so much as to make the ALJ's decision contrary to the weight of the evidence." Durrant v. Berryhill, No. 16-CV-6781-FPG, 2018 WL 1417311, at *4 (W.D.N.Y. Mar. 22, 2018) (citing Rutkowski v. Astrue, 368 F. App'x 226, 229 (2d Cir. 2010)).

23. FNP Nichter stated in her first letter that Plaintiff was "100% disabled." (R. at 17.) In the second letter, she stated that he needed an emotional support dog. (R. at 18.) The AC rejected these opinions because they did not relate to the insured period, and did not affect the decision regarding whether Plaintiff was disabled on or before December 31, 2016. (R. at 8.).

24. FNP Nichter's first March 19, 2018, letter contains only a conclusory statement: ""Kevin Schneider was seen in our office today. He is 100% disabled." (R. at 17.) While it is "new" in that it was written after the ALJ's decision, it does not meet the other requirements for consideration. It is not clear that it refers to Plaintiff's condition during the relevant period. Further, it is not probable that this opinion would change the outcome of the decision. FNP Nichter is a nurse practitioner, and thus her opinion does not warrant the controlling weight due to a treating physician's opinion, under the regulations in effect at the time. See Genier v. Astrue, 298 F. App'x 105, 108–09 (2d Cir. 2008) (ALJ was free to discount the assessments of a nurse practitioner in favor of the objective findings of other medical doctors). Further, FNP Nichter's statement does not provide any medical findings or explain the reasoning behind her determination. See 20 C.F.R. § 404.1527(c)(3). ("The more a medical source presents relevant evidence to support an opinion, … the more weight we will give that opinion.")

25. Finally, Nichter's assessment of 100% disability was not binding on the Commissioner, because the determination of disability rests with the Commissioner. 20 C.F.R. 404.1527(d)(1) ("We are responsible for making the determination or decision about whether you meet the statutory definition of disability."). For all these reasons, this Court finds no reasonable probability that FNP Nichter's opinion regarding Plaintiff's

disability would have changed the outcome of this case. The Appeals Council, therefore, did not err in refusing to review her opinion. See Rutkowski v. Astrue, 368 F. App'x 226, 229–30 (2d Cir. 2010).

26.     The same is true of FNP Nichter's letter regarding Plaintiff's need for an emotional support dog.  The opinion does not refer to any medical findings, nor does it link the need for a dog to Plaintiff's MS, let alone to his condition during the relevant period. For these reasons, and because it was rendered after Plaintiff's date last insured, and does not clearly refer to the relevant period, there was no error in the Appeals Council's decision not to consider it. See Rutkowski, 368 F. App'x at 229.

27.     Having reviewed the ALJ's decision in light of Plaintiff's arguments, this Court finds no error in the ALJ's determination. The decision contains an adequate discussion of the medical evidence supporting the ALJ's determination that Plaintiff was not disabled, and Plaintiff's aforementioned contentions are unavailing. Plaintiff's Motion for Judgment on the Pleadings is therefore denied, and Defendant's motion seeking the same relief is granted.


IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No.  13) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 16) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:      June 11, 2020
               Buffalo, New York

                                               <u>s/William M. Skretny</u>
                                               WILLIAM M. SKRETNY
                                             United States District Judge